IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN MARK BROWN                                                                PLAINTIFF

v.                                    No. 4:18-CV-533-KGB-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                                 DEFENDANT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

This Recommended Disposition (Recommendation) has been sent to Judge Kristine Baker. Either party to this suit may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

## I. Background

John Brown applied for social security disability benefits with an alleged onset date of January 1, 2015. (R. at 83). After a hearing, the administrative law judge (ALJ) denied Mr. Brown's application. (R. at 25). The Appeals Council denied his request for review (R. at 1); therefore, the ALJ's decision now stands as the Commissioner's final decision. Mr. Brown filed this lawsuit seeking judicial review.

## II. The Commissioner's Decision

The ALJ found that Mr. Brown had the following severe impairments: degenerative disk disease of the cervical spine status post-two surgeries; nonobstructive coronary artery disease; diastolic dysfunction; obesity; obstructive sleep apnea; hypertension; history of seizure/syncope; learning disorder; borderline intellectual functioning; and adjustment disorder with depressed mood/depressive disorder, not otherwise specified. (R. at 12). The ALJ determined that Mr. Brown had the residual functional capacity (RFC) to perform light work, except that he could only occasionally climb ramps and stairs; could never climb ladders, ropes, or scaffolds; could only occasionally balance, stoop, kneel, crouch, and crawl; would have to avoid concentrated exposure to hazards including no driving as part of work; and could perform unskilled work only where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little use of judgment, and with supervision that is simple, direct, and concrete (R. at 16).

This RFC precluded Mr. Brown from returning to his past relevant work. (R. at 23). At the hearing, the ALJ heard testimony from a vocational expert (VE), who testified that a person with Mr. Brown's age, education, work experience, and with the RFC assigned by the ALJ, could perform other jobs in the economy, such as power screwdriver operator, closing machine tender, and compression molding machine tender. (R. 24). The ALJ therefore concluded that Mr. Brown was not disabled. (R. at 25).

## III. Discussion

In this appeal, Mr. Brown argues that the ALJ failed to fully and fairly develop the record; failed to consider evidence that detracted from his findings; failed to perform a proper credibility determination; improperly weighed the opinion evidence; and failed to present a proper hypothetical question to the VE.

The Court's task is limited to reviewing the Commissioner's decision for legal error and determining whether her decision is supported by substantial evidence on the whole record. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the Commissioner's decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

Mr. Brown contends that the ALJ failed to fairly and fully develop the record, arguing that there is no opinion evidence from a treating physician regarding his specific limitations. Mr. Brown further argues that the opinion of Steve Shry, Ph.D., requires clarification, because Dr. Shry failed to disclose what collateral materials he reviewed in rendering his opinion. (R. at 589). The Commissioner responds to this point by arguing that the medical records are sufficient to support the ALJ's opinion.

It is settled precedent that an ALJ has a duty to fully and fairly develop the record independent of the claimant's burden to press his or her case. *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). "This duty includes the responsibility of ensuring that the

record includes evidence from a treating physician, or at least an examining physician, addressing the particular impairments at issue." *Strongson v. Barnhart*, 361 F.3d 1066, 1071–72 (8th Cir. 2004). However, the ALJ is obligated to seek additional evidence only if a critical issue is underdeveloped. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011).

In this case, there is no evidence from a treating or examining source addressing the effect that Mr. Brown's physical impairments had on his ability to work. The Commissioner notes that Shuja Rasool, M.D., advised Mr. Brown to exercise, suggesting that he was not as limited as he alleged. (R. at 600). A doctor's suggestion for a claimant to exercise is insufficient to establish that the claimant can perform sustained activities necessary for substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 678 (8th Cir. 2003).

The ALJ necessarily interpreted Mr. Brown's medical records when determining his RFC, but it is not permissible for the ALJ to substitute his own medical judgment for that of a physician. *Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009). The ALJ gave great weight to the opinions of non-examining State Agency consultants. While relevant, the opinions of non-examining consulting doctors, standing alone, cannot support an ALJ's determination of medical issues. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). As Mr. Brown observes, the non-examining State Agency consultants did not review any medical records dated after October 11, 2016, the date of the last non-examining State Agency consultant's opinion. (R. at 140). This excludes a significant portion of the medical record. (R. at 528–624).

The ALJ's opinion is not supported by substantial evidence due to the lack of necessary medical evidence. Because the case must be remanded for further development of the record, it is not necessary to reach Mr. Brown's other points on appeal.

## IV. Conclusion

The ALJ failed to fully and fairly develop the record. For this reason, the case should be REVERSED and REMANDED to the Acting Commissioner with instructions to develop the record as necessary.

Dated this 11th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE